# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: EXIDE TECHNOLOGIES, LLC, | : | Chapter 11 |
| Debtor. | : | |
| _____ | : | |
| EXIDE TECHNOLOGIES, LLC, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 20-76-LPS |
| | : | Bankruptcy Case No. 13-11482-MFW |
| ANDREW R. VARA, ACTING UNITED STATES TRUSTEE FOR REGION 3, | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **24th** day of **February, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, Magistrate Judge Thynge reviewed the documents filed on this court's docket regarding an appeal of an opinion and order from Bankruptcy Court entered January 9, 2020 to determine the appropriateness of mediation in this matter. The appeal was docketed on January 17, 2020. On February 4, 2020, the parties advised of their respective positions regarding mediation

WHEREAS, as a result of the above screening process, the opinion and order on appeal addressed issues that are not amenable to mediation, and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor

warrant the expense of the process. Specifically, the opinion and order of January 9, 2020 dealt with purely legal issues, that is, a constitutional challenge to the enactment and application of federal law.

The parties propose the following deadlines for their briefs in this appeal:

1. Appellant's opening brief as due on or before forty-five days (45) after the Clerk of the Bankruptcy Court issues the notice specified in Fed. R. Bankr. P. 8010(b)(1) and Appellant filed the designation specified in Fed. R. Bankr. P. 8009(2), which appears to have occurred, according to the docket, on January 31, 2020.

2. Appellee's response brief as due on or before forty-five (45) days following service of Appellant's brief.

3. Appellant's reply brief as due on or before thirty (30) days following Appellee's response brief.

The parties further request that the proposed briefing schedule be considered as made without prejudice to either party's request for an extension by agreement or a showing of sufficient cause.

The parties also advise that a certification to take a direct appeal to the Third Circuit Court of Appeals may be sought under 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 2006 which may result in a stay of briefing in this appeal pending resolution of the certification and if granted, any petition for direct review.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since

this Recommendation is consistent with the parties' requests, no objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F<small>ED</small>. R. C<small>IV</small>. P. 72(a) and D. D<small>EL</small>. LR 72.1.

                                           /s/ Mary Pat Thynge
                                           Chief U.S. Magistrate Judge